IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STATE OF GEORGIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-037 |
| | ) | |
| BRO T. HESED-EL, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

On March 6, 2018, Defendant, who is proceeding *pro se*, filed the instant "Notice of Removal," in which he purports to remove two criminal cases from Richmond County State Court to federal court pursuant to 28 U.S.C. § 1443, 28 U.S.C. § 1445, and 42 U.S.C. § 1983. (Doc. no. 1.) Defendant also filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's IFP motion be **DENIED** as **MOOT** and this case be **DISMISSED** and **CLOSED**. Although "removal" was never accomplished in a procedurally proper manner, in an abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the two criminal cases be **REMANDED** to the State Court of Richmond County.

As an initial matter, the Court has already dismissed an identical improper removal of Plaintiff's same two criminal cases. See State of Georgia v. Hesed-El, CV 117-141, doc. nos. 9, 14 (S.D. Ga. Oct. 27, 2017). Nevertheless, the Court will once again explain why Plaintiff's removal of these cases to federal court is improper.

The threshold issue raised by Defendant's notice as it relates to his criminal charges is whether the Court has jurisdiction to hear his claims. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (*per curiam*) (citations omitted).  The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . .  The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence . . . .  Thus, the party invoking the federal court's jurisdiction bears the burden of proof . . . .
>
> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . .  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation . . . .

Id. (citations omitted).  Defendant has not alleged any legitimate basis for the exercise of federal jurisdiction.  (See doc. no. 1.)

Defendant's action is based on his alleged violations of the Official Code of Georgia and prosecution for such.  See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Hesed-El, T Anthony," last visited March 7, 2018); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).  However, it is long-settled federal courts have no jurisdiction over criminal matters, except for what is provided by

2

statute. See United States v. Hudson, 11 U.S. 32, 33-34 (1812) (noting "jurisdiction of crimes against the state is not among [the] powers" implied to federal courts).  Here, Defendant has failed to point to any valid authority demonstrating this Court has subject-matter jurisdiction over his claims, which concern criminal matters firmly within the purview of the State of Georgia.

To the extent Defendant intends to challenge the validity of any sentence that may be imposed, any such action is premature.  First, it does not appear Defendant has been convicted or sentenced.  See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Hesed-El, T Anthony," last visited March 7, 2018).  Notably, even if Defendant had already been sentenced, a petitioner may not bring a federal habeas petition before first exhausting his state remedies.  Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented."  Id. § 2254(c) (emphasis added).  Accordingly, even if Defendant's notice were to somehow be construed as a federal habeas petition, such petition is markedly premature and therefore subject to dismissal on that ground.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's IFP motion (doc. no. 2) be **DENIED** as **MOOT** and this case be **DISMISSED** and **CLOSED**. Although "removal" was never accomplished in a procedurally proper manner, in an abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the two criminal cases be **REMANDED** to the State Court of Richmond County.

Finally, the Court notes this is Plaintiff's ninth attempt to proceed IFP in this Court in the past two years. See Hesed-El v. Aldridge Pite, LLP, et al., CV 118-005 (S.D. Ga. Jan. 3, 2018); Hesed-El v. City of Augusta-Richmond County, et al., CV 117-165 (S.D. Ga. Nov. 29, 2017); Hesed-El v. Federal National Mortgage Association, et al., CV 117-146 (S.D. Ga. Nov. 2, 2017); Federal National Mortgage Association v. Deoraj, et al., CV 117-143 (S.D. Ga. Nov. 1, 2017); State of Georgia v. Hesed-El, CV 117-141 (S.D. Ga. Oct. 27, 2017); El v. North Carolina State Employees' Credit Union, CV 117-052 (S.D. Ga. Apr. 27, 2017); Elaga-Bey v. Matthews, et al., CV 116-164 (S.D. Ga. Sept. 6, 2016); Lee v. Johnson et al., CV 116-031 (S.D. Ga. Mar. 16, 2016). Several of those cases, other than the present case, have been dismissed for failure to state a claim. See Federal National Mortgage Association v. Deoraj, et al., CV 117-143 (S.D. Ga. Nov. 1, 2017); State of Georgia v. Hesed-El, CV 117-141 (S.D. Ga. Oct. 27, 2017); El v. North Carolina State Employees' Credit Union, CV 117-052 (S.D. Ga. Apr. 27, 2017). Accordingly, the Court issues Plaintiff the following warning:

> [Plaintiff] is warned that he is traveling down a dangerous road should he continue to flood this Court with baseless lawsuits and abuse the privilege of proceeding IFP. If he continues to burden the Court with frivolous filings, he may lose his right to proceed IFP without first posting a frivolity bond. See

Wilkerson v. Statesboro Police Dep't, 2009 WL 4609603 at *2 (S.D. Ga. Dec. 2, 2009) (requiring a litigant to post a $100 frivolity bond before filing suit which she forfeits should her suit be dismissed as frivolous).  Should he persist beyond that point, even more severe sanctions may be contemplated.  Such bullheaded, abusive litigants may face a fine and a period of imprisonment for contempt of court.  See 18 U.S.C. §§ 401 & 402.

Robbins v. Chatham Cty. Courthouse, No. CV411-052, 2011 WL 1151993, at *1 (S.D. Ga. Mar. 9, 2011), *report and recommendation adopted*, No. CV411-052, 2011 WL 1134455 (S.D. Ga. Mar. 28, 2011).

SO REPORTED and RECOMMENDED this 8th day of March, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5