IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
STATE OF GEORGIA,            *
                             *
     Plaintiff,              *
                             *
     v.                      *    CV 118-037
                             *
BRO T. HESED-EL,             *
                             *
     Defendant.              *
```

**O R D E R**

Before the Court are Defendant's: (a) "Motion to Request an Opportunity to be Heard" (doc. 11); (b) "Motion for Relief from Judgment" (doc. 12); and (c) "Motion for Permission to Appeal *In Forma Pauperis*" (doc. 14).

On March 6, 2018, Defendant, proceeding *pro se*, filed a notice of removal purporting to remove two criminal prosecutions from the State Court of Richmond County, Georgia, namely Case Nos. 2017-RCMC-9095 & 2017-RCMC-9096 (the "State Actions"), to this Court pursuant to 28 U.S.C. § 1443.[1] (Doc. 1; see also Doc 1-1, at 2-7 (criminal arrest warrants issued in connection with the State Actions.) Contemporaneously with the filing of his

---

[1] The State Actions respectively concern Defendant's alleged criminal trespass on a private citizen's property as well as his obstruction of a law enforcement officer while inside a Richmond County courthouse (*i.e.*, violations of Georgia law). (See Doc. 1-1, at 2-7.) Notably, the Court previously dismissed Defendant's prior attempt to remove the State Actions to this Court. See State of Georgia v. Hesed-El, et al., Case No. 1:17-cv-141 (S.D. Ga. dismissed Dec. 5, 2017).

notice of removal, Defendant filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.)

On March 8, 2018, the United States Magistrate Judge conducted an initial review of Defendant's filings and entered a report and recommendation (the "R&R") wherein he concluded that this Court lacked subject-matter jurisdiction over the criminal matters underlying the State Actions and recommended, *inter alia*, that: (i) Defendant's motion for leave to proceed *in forma pauperis* be denied as moot; (ii) the instant case be dismissed; and (iii) while "'removal' was never accomplished in a procedurally proper manner, in an abundance of caution," the underlying criminal prosecutions be remanded to the State Court of Richmond County, Georgia. (Doc. 5.) On March 14, 2018, Defendant filed his objections to the R&R. (Doc. 7.) On March 16, 2018, Defendant filed his "Supplemental Notice of Removal." (Doc. 8.)

After conducting an independent and *de novo* review of the entire record, this Court overruled Defendant's objections, noted that Defendant's Supplemental Notice of Removal failed to cure the improper removal, and adopted the Magistrate Judge's R&R as its own opinion on March 20, 2018. (Doc. 9 (the "Dismissal Order").) Accordingly, the Court: (i) denied as moot Defendant's motion for leave to proceed *in forma pauperis*; (ii) dismissed and closed this case; and (iii) despite noting that removal was never properly accomplished, remanded the underlying

2

criminal prosecutions to the State Court of Richmond County, Georgia, out of an abundance of caution. (Id.)

On March 23, 2018, Defendant filed his Motion for an Opportunity to be Heard. (Doc. 11.) On April 2, 2018, Defendant filed his Motion for Relief from Judgment. On April 4, 2018, Defendant filed a notice of appeal with regards to the Dismissal Order as well as his Motion for Permission to Appeal In Forma Pauperis. (Docs. 13, 14.)

Here, to the extent that the Court has jurisdiction to do so,[2] the Court denies Defendant's Motion to Request an Opportunity to be Heard because Defendant already had an opportunity to be heard - and indeed was heard - in this matter as to the propriety of removal to this Court by way of the filing of his objections to the R&R, his Supplemental Notice of Removal, and indeed, his original notice of removal. Further, the Court denies Defendant's Motion for Relief from Judgment because Defendant has failed to establish that he is entitled to any relief under Federal Rules of Civil Procedure 59(e) & 60(b). See, e.g., Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (Rule 59(e) may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior

---

[2] See Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003) ("As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal. However, it does not prevent the district court from taking action in furtherance of the appeal. Nor does it prevent the court from entertaining motions on matters collateral to those at issue on appeal." (internal quotations, citations, and footnote omitted)).

3

to the entry of judgment," as "the only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact" (internal quotations and citations omitted)); Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("[R]elief under [Rule 60(b)(6)'s umbrella "any other reason that justifies relief" clause] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.") Finally, because the Court can discern no non-frivolous issues to be raised on appeal and therefore the appeal has not been taken in good faith, the Court denies Defendant's Motion for Permission to Appeal *In Forma Pauperis*. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

Therefore, upon the foregoing and due consideration, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Request an Opportunity to be Heard (doc. 11), Motion for Relief from Judgment (doc. 12), and Motion for Permission to Appeal *In Forma Pauperis* (doc. 14) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___17th___ day of April, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA